J-S55032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PEDRO SOLA RODRIGUEZ, | |
| Appellant | No. 3231 EDA 2015 |

Appeal from the PCRA Order September 18, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002450-2012-CP-39-CR-0002991-2012

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED JULY 13, 2016**

Appellant appeals from the order entered in the Court of Common Pleas of Lehigh County denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Appellant's court-appointed PCRA counsel has filed a petition to withdraw his representation, along with an "**Anders** brief."[1] We grant counsel's petition to withdraw his representation and affirm the PCRA court's order.

---

[1] Counsel filed a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967), apparently in the mistaken belief that an **Anders** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief. A **Turner/Finley** "no-merit" letter, however, is the appropriate filing. **See Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Because an **Anders** brief provides greater protection to a defendant, this
*(Footnote Continued Next Page)*

---

*Former Justice specially assigned to the Superior Court.

We summarize the procedural history of this case as follows: On September 26, 2012, Appellant, who was represented by counsel, entered a guilty plea to the charges of robbery, firearms not to be carried without a license, resisting arrest, and possession with the intent to deliver a controlled substance.[2] On November 8, 2012, the trial court sentenced Appellant to an aggregate of five years to twelve years in prison. Despite being provided with notice of his post-sentence and appeal rights, Appellant did not file a post-sentence motion or a direct appeal.

On July 17, 2015, Appellant filed a *pro se* PCRA petition,[3] and on July 30, 2015, the PCRA court appointed counsel to represent Appellant. On September 18, 2015, the PCRA court held an evidentiary hearing, and by order and opinion entered on that same day, the PCRA court denied Appellant's first PCRA petition on the basis it was untimely filed.

On October 16, 2015, PCRA counsel simultaneously filed a timely notice of appeal and Pa.R.A.P. 1925(b) statement on behalf of Appellant.

_(Footnote Continued)_ _____

Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter. **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004).

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(v), 6106(a)(1), 5104, and 35 P.S. § 780-113(a)(30), respectively.

[3] Although Appellant's *pro se* PCRA petition was docketed on July 27, 2015, under the prisoner mailbox rule, we deem it to have been filed on July 17, 2015, when Appellant handed it to prison officials. **See Commonwealth v. Patterson**, 931 A.2d 710 (Pa.Super. 2007) (discussing prisoner mailbox rule).

Therein, counsel averred the PCRA court erred in denying Appellant's PCRA petition on the basis it was untimely filed. The PCRA court filed a Pa.R.A.P. 1925(a) opinion explaining it was relying upon its September 18, 2015, opinion. Subsequently, as indicated *supra*, Appellant's court-appointed PCRA counsel filed in this Court a petition to withdraw his representation.

Preliminarily, we note that "[o]ur standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Before we proceed to review the merits of the issues presented in PCRA counsel's *Anders* brief, we must determine whether counsel has satisfied certain procedural requirements to withdraw his representation.

> Counsel petitioning to withdraw from PCRA representation...must review the case zealously. [PCRA] counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that...satisfy the technical demands of *Turner/Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with

counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa.Super. 2016) (quotations omitted).

Instantly, we determine that PCRA counsel has complied with the requirements of **Turner/Finley**. Specifically, PCRA counsel's **Anders** brief and petition to withdraw detail the nature and extent of PCRA counsel's review, address the claims raised in Appellant's *pro se* PCRA petition and at the PCRA hearing, and determine that the issues lack merit and the petition was untimely filed. PCRA counsel indicated that after his own independent review of the record, he could not identify any meritorious issues that he could raise on Appellant's behalf to plead and prove that one of the PCRA timeliness exceptions applied. Counsel also attached proof that he sent Appellant his petition to withdraw, along with his **Anders** brief, and instructed him that he had the right to retain private counsel or proceed *pro se*.[4] As counsel has complied with the **Turner/Finley** requirements to withdraw his representation, we must now determine whether the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed. **See Walters**, *supra*.

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500,

---

[4] Appellant has filed no response.

837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth***

*v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline. Our Supreme Court has held that any petition invoking an exception must show due diligence insofar as the petition must be filed within sixty days of the date the claim could have first been presented. *Commonwealth v. Edmiston*, 619 Pa. 549, 65 A.3d 339 (2013). *See* 42 Pa.C.S.A. § 9545(b)(2).

In the case *sub judice*, Appellant was sentenced on November 8, 2012, and he filed neither post-sentence motions nor a direct appeal. Accordingly, his judgment of sentence became final thirty days thereafter, on Monday, December 10, 2012, when the time period for filing a direct appeal to this Court expired. *See* Pa.R.A.P. 903(a) (providing an appeal to this Court shall be filed within thirty days after entry of the order from which the appeal is taken); 42 Pa.C.S.A. § 9545(b)(3) (setting forth when judgment of sentence becomes final); 1 Pa.C.S.A. § 1908 (setting forth rules for computation of time). Thus, Appellant had until December 10, 2013, to file a timely PCRA petition; however, Appellant filed the instant PCRA petition July 17, 2015, and therefore, it is patently untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780 (2000) (holding a PCRA petition filed more than one year after judgment of sentence becomes final is untimely and the PCRA court lacks jurisdiction

to address the petition unless the petitioner pleads and proves a statutory exception to the PCRA time-bar).

Appellant attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(iii) relating to a new constitutional right that applies retroactively. Specifically, Appellant avers that his sentence is illegal under **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013). However, inasmuch as **Alleyne** was decided on June 17, 2013, and Appellant did not file his PCRA petition until July 17, 2015, we conclude that Appellant has not pled or proven that he presented his claim within sixty days of the date the claim could have first been presented. **See Edmiston**, **supra**; 42 Pa.C.S.A. § 9545(b)(2).

Appellant has provided this Court with no other argument regarding the PCRA timelines exceptions, and accordingly, we agree with the PCRA court that Appellant's PCRA petition was untimely filed. Thus, we affirm the PCRA court's order denying Appellant relief and grant court-appointed PCRA counsel's petition to withdraw his representation.

Petition to Withdraw Granted; Order Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2016

- 7 -